UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

| | | |
|---|---|---|
| DANTE WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| SERVICESOURCE DELAWARE, INC. | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Dante Woods, by and through undersigned counsel, and for his Complaint states as follows:

### PRELIMINARY STATEMENT

This action arises under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Plaintiff is seeking declaratory relief and damages to redress the deprivation of his rights from employment discrimination on the basis of race perpetrated by the Defendant.

### PARTIES

1. Plaintiff, Dante Woods, is an African-American citizen of the United States, who resides at 830 Glastonbury Road, Apt. 12, Nashville, Tennessee.

2. Defendant, ServiceSource Delaware, Inc. (hereinafter "ServiceSource" or "Defendant") is, upon information and belief, a corporation organized under the laws of the State

of Delaware, with its principal place of business located at 634 2nd Street, San Francisco, CA 94107-2015.

3. ServiceSource is licensed to do business in the State of Tennessee, and may be served in care of its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

4. Plaintiff's claims in this matter arise pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et. seq.). This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C § 1331.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

## GENERAL FACTS

6. Plaintiff was employed as sales representative for ServiceSource at its 100 Centerview Drive, Ste. 210 Nashville, Tennessee location from February 19, 2008 to December 4, 2009.

7. At the time of his hire, Woods was the only African American on a sales team of approximately 19 members.

8. Throughout Woods' employment with Defendant, he routinely met or exceeded all sales goals and performance measures assigned to him.

9. Beginning on or about August 2009, Defendant repeatedly refused to promote Woods to the next appropriate level sales position that was, otherwise, dictated by company policy.

10. Defendant, however, did promote other, similarly situated, Caucasian individuals to these next levels, despite the fact that their seniority and job performance was similar to that of Plaintiff.

11. Specifically, Defendant promoted a Caucasian male, Brad Whitlock, and a Caucasian female, Katie Locke to the next level sales position on or about August 14, 2009.

12. Plaintiff voiced his concern regarding Defendant's failure to promote him along with his Caucasian team members to Hector Wilson, Defendant's Account Manager for the Nashville office, on or about August 13, 2009.

13. Defendant retaliated against Plaintiff following his internal complaint of discrimination by moving him to a less desirable sales team.

14. Plaintiff later voiced his concerns and complaints of racial discrimination to his new Account Manager, Matt Mazano, on or about November 30, 2009.

15. Mr. Mazano advised Plaintiff that he could resign if he did not like his current role or position.

16. Defendant had previously agreed to transfer and/ or promote at least one similarly situated individual, Rich Dorsey, when that individual voiced concerns regarding promotions and pay.

17. It is Defendant's policy to allow employees to take time off so long as they provide advance notice via email and have sufficient PTO (paid time off) available to cover the requested absence.

18. Pursuant to Defendant's stated policy, Woods requested time off via an email communication on or about December 1, 2009.

3

19. Despite the fact that Woods had sufficient available PTO and Defendant never issued a response denying the request for time off, Defendant terminated Woods when he did not report to work on December 4, 2009.

20. Plaintiff later filed a charge of discrimination regarding Defendant's actions with the Equal Employment Opportunity Commission (hereinafter "EEOC") (Charge No. 846-2010-15560).

21. Several weeks after filing his charge with the EEOC, Defendant contacted Plaintiff and advised that they would reinstate his employment if he would, in turn, withdraw his EEOC complaint.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 -- RACE DISCRIMINATION

Plaintiff hereby reavers and incorporates by reference herein all statements and allegations previously set forth as if fully rewritten herein.

22. Plaintiff is a "person" as that term is defined by 42 U.S.C. § 2000e (a).

23. ServiceSource is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

24. Within 180 days of the occurrence of the acts of which this Complaint is based, Plaintiff timely filed charges of race discrimination against ServiceSource with the Nashville, Tennessee office of the EEOC.

25. The EEOC did not resolve this claim.

26. The EEOC issued a Notice of Right to Sue to Plaintiff on February 17, 2012. A copy of this Notice is attached as Exhibit A hereto.

27. Plaintiff has complied with the authorization set out in the EEOC Right to Sue Letter by instituting this action within 90 days of the date of receipt of the letter.

4

25. ServiceSource has engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. 2000e et seq.

26. Defendant's discriminatory practices include, but are not limited to: (1) refusing to hire and/or promote African-Americans on an equal basis with Caucasians; (2) maintaining wages, job assignments and other conditions of employment that unlawfully operate to deny equal opportunity to African-Americans because of their race; 3) demoting and/or transferring Plaintiff to a less desirable position in retaliation for Plaintiff's reporting racial discrimination; and (4) terminating Plaintiff in retaliation for Plaintiff's reporting racial discrimination in the workplace.

27. The effect of these policies and practices has been to deprive African-Americans, including Plaintiff, of equal employment opportunities and otherwise to adversely affect his status as an employee because of his race.

37. Plaintiff has been deprived of income in the form of wages and of prospective retirement benefits, Social Security, Unemployment Compensation benefits and other benefits due to him as an employee solely because of his race, in an amount to be proven at trial.

## COUNT II

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

Plaintiff hereby reavers and incorporates by reference herein all statements and allegations previously set forth as if fully rewritten herein.

38. ServiceSource has engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. § 2000e-3.

39. Defendant's discriminatory practices include, but are not limited to: (1) refusing to hire and/or promote African-Americans on an equal basis with Caucasians; (2) maintaining

5

wages, job assignments and other conditions of employment that unlawfully operate to deny equal opportunity to African-Americans because of their race; 3) demoting and/or transferring Plaintiff to a less desirable position in retaliation for Plaintiff's reporting racial discrimination; and (4) terminating Plaintiff in retaliation for Plaintiff's reporting racial discrimination in the workplace.

40. The effect of these policies and practices has been to deprive Plaintiff of equal employment opportunities and otherwise to adversely affect his status as an employee due to his participation in activity protected pursuant to 42 U.S.C. § 2000e et seq.

41. Plaintiff has been deprived of income in the form of wages and of prospective retirement benefits, Social Security, Unemployment Compensation benefits and other benefits due to him as an employee because of his participation in activities protected pursuant to 42 U.S.C. § 2000e et seq., in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. Compensatory damages in an amount to be determined;

2. Punitive damages in an amount to be determined;

3. Pre- and post-judgment interest;

4. Costs and attorney's fees;

5. Such other and further relief, both legal and equitable, that the Court may deem just and proper; and

6. A jury to hear this cause of action.

6
Case 3:12-cv-00467   Document 1   Filed 05/10/12   Page 6 of 9 PageID #: 6

Respectfully submitted,

/s/ Jeremy Parham
Jeremy W. Parham, Tenn. Bar No. 022222
114 N. Spring Street
Manchester, TN 37355
Phone: 931-954-5297

/s/ Roland Mumford
Roland Mumford, Tenn. Bar No. 026495
639 E. Main Street, Ste. B 106
Hendersonville, TN 37075
Phone: 615-348-0070

Attorneys for Plaintiff, Dante Woods

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Dante Woods<br>235 37th Avenue North<br>Nashville, TN 37219 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2010-15560 | Kelley Thomas,<br>Trial Attorney | (901) 544-0099 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Katharine W. Kores* (signature)

**Katharine W. Kores,**
**Director**

FEB 17 2012
*(Date Mailed)*

Enclosures(s)

cc:

**SERVICE SOURCE**
100 Centerview Drive Suite 210
Nashville, TN 37214